Receipt number AUSFCC-11266799

## IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| LEE MENDELSON FILM PRODUCTIONS, INC., | Case No. **26-749 C** |
| Plaintiff, | |
| – against – | |
| THE UNITED STATES, | |
| Defendant. | |

## COMPLAINT

Plaintiff, Lee Mendelson Film Productions, Inc., by its attorneys, Reitler Kailas & Rosenblatt LLP and Law Offices of Marc Jacobson, PLLC, for its complaint against Defendant, the United States, alleges:

## PARTIES

1. Plaintiff, Lee Mendelson Film Productions, Inc., is a California corporation with a principal place of business in Burlingame, California.

2. Defendant, the United States, operates the United States Department of Interior.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction and venue under the copyright laws of the United States, 17 U.S.C. § 101 *et seq.*, and pursuant to 28 U.S.C. § 1498(b), which provides that copyright infringement claims against the United States must be brought exclusively in the United States Court of Federal Claims.

## NATURE OF ACTION

4. Plaintiff controls certain intellectual property associated with the world-famous *Peanuts* animated television productions, film productions, and music catalog, including the

1

copyright in the composition of the musical arrangement titled "O Tannenbaum" created by Vince Guaraldi (the "Composition").

5.      The Composition is an iconic theme, associated with a beloved children's series, a beloved television Christmas classic special, and one of the most iconic Christmas and jazz albums of all time, and is widely familiar to the American public as one of the most popular works of television music of all time.

6.      As the owner and steward of this musical and entertainment legacy, Plaintiff licenses the Composition to those who wish to use it for authorized purposes.

7.      However, Defendant never sought Plaintiff's permission – even though there can be little doubt that music of this nature and stature requires a license for use – but instead used the Composition without authorization to create a widely distributed, animated digital Christmas greeting depicting activities the Department of Interior might undertake, all set to the tune of the Composition.

8.      Plaintiff is a television and film production company and music publisher in Burlingame, California founded by Lee Mendelson.  It has been operating since 1963. Plaintiff is best known for *Peanuts* animated television and film productions including *A Boy Named Charlie Brown* and *Snoopy, Come Home*, as well as several documentaries on Charles Schulz and his *Peanuts* characters.

9.      Additionally, Plaintiff produced *A Charlie Brown Christmas*, *It's the Great Pumpkin, Charlie Brown*, and *A Charlie Brown Thanksgiving*, along with over 50 other prime-time and other *Peanuts* classic specials, the classic *Garfield* specials, and scores of other entertainment and documentary productions. Its founder, Lee Mendelson, is the executive producer of the many *Peanuts* animated specials.

10. Plaintiff had a 38-year relationship with Charles Schulz until his passing in 2000. Schultz was the beloved American cartoonist and creator of the comic strip *Peanuts*, which features the characters Charlie Brown and Snoopy, among others.

11. Lee Mendelson, Plaintiff's founder, was the Executive Producer on the classic *Peanuts* television and film productions from 1965 until his passing in 2019.

12. Vince Guaraldi composed original music for the *Peanuts* television specials, which has become indelibly associated with the *Peanuts* characters and films from 1965 until his passing in 1976.

13. Plaintiff produced 12 prime-time *Garfield* specials and a 120-program series *Garfield and Friends*.

14. Plaintiff created over thirty prime-time network specials, featuring stars such as Paul Newman, Gene Kelly, Lucille Ball, Bing Crosby, Flip Wilson, Whoopi Goldberg, and Henry Fonda, among others.

15. Plaintiff won numerous Emmy awards and its productions achieved additional Emmy, Grammy and Oscar nominations.

16. Plaintiff is the music publisher of much of the Vince Guaraldi Library of Charlie Brown music (along with other music). This music, which includes the Composition, is famously associated with *Peanuts*. The Composition also stands on its own as it is an enduringly popular and recognizable theme in American culture.

17. Plaintiff brings this action pursuant to the Copyright Act of 1976, 17 U.S.C. § 504 *et seq.*, as a result of Defendant's infringement and to protect the valuable copyright in the Composition and the history and goodwill it represents.

## STATEMENT OF CLAIM

**Copyright Ownership**

18.    Plaintiff is the sole owner of The Composition.

19.    The Composition was registered for copyright on February 7, 1966, under registration number Eu923947, renewed on December 17, 1993, under registration number RE716695, and was assigned to Plaintiff on December 17, 1990 and recorded in the United States Copyright Office on December 20, 1990 as document number V2604P243.

20.    The Composition was included in the *Peanuts* animated feature television production "A Charlie Brown Christmas" first released on December 5, 1965.

21.    The Composition was later released on part of an album entitled "A Charlie Brown Christmas" by Fantasy Records in 1965 and is now widely available in physical and digital copies.

**The Infringement**

22.    On or about December 24, 2025, the following links appeared online, which may be characterized as a Christmas greeting to the viewer from the Department of Interior (the "Digital Greeting Card").

- https://x.com/Interior/status/20038884050387747835?s=20
- https://www.facebook.com/share/v/1DA35Y2UQD/
- https://www.instagram.com/reel/DSp9d5GjD73/?utm_source=ig_web_co py_link&igsh=NTc4MTIwNjQ2YQ==

23.    While those posts are no longer available, and upon information and belief, were removed from online platforms on or about January 12 or 13, 2026, however, also on information and belief, the Digital Greeting Card is still available online.

24.    The visual portion of Defendant's Digital Greeting Card is an animation which depicts activities the Department of Interior might undertake.

25.    Running throughout the entirety of the Digital Greeting Card, its audio portion features a copy of the Composition, as embodied in the recording found in "A Charlie Brown Christmas".

26.    Upon information and belief, the card was viewed millions of times on many platforms, and reposted hundreds if not thousands of times.

27.    No license to reproduce, incorporate or distribute the Composition was secured from Plaintiff.

28.    No request to license the rights to the Composition in connection with this use was received by Plaintiff.

29.    Upon information and belief, Defendant, through its agents and employees at the Department of Interior, created the Digital Greeting Card, and made copies of the Composition.

30.    Upon information and belief, Defendant, through its agents and employees at the Department of Interior, distributed copies of the Digital Greeting Card, incorporating copies of the Composition, by posting the Digital Greeting Card to social media platforms, including, without limitation,    www.x.com,    www.facebook.com,    www.tiktok.com,    www.youtube.com    and www.instagram.com.

31.    All of Defendant's actions in connection with this Composition were performed without the permission, authority or consent of Plaintiff.

32.    By making unauthorized copies of the Composition, incorporating the Composition into copies of the Digital Greeting Card, and distributing those copies, Defendant infringed

Plaintiff's exclusive rights under the Copyright Act of the United States, Title 17 of the United States Code, entitling Plaintiff to remedies under 28 U.S.C. § 1498(b) and 17 U.S.C. § 504.

33.    Upon information and belief, Defendant knew it did not have the right to use the Composition in the Digital Greeting Card but Defendant used it anyway.

## **DEMAND FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court:

A.    Enter judgment in favor of Plaintiff and against Defendant;

B.    Award Plaintiff its reasonable and entire compensation in an amount to be proven at trial pursuant to 17 U.S.C. § 504, or such statutory damages as to this Court shall appear just pursuant to 28 U.S.C. § 1498(b) and 17 U.S.C. § 504(c);

C.    Award Plaintiff pre-judgment and post-judgment interest as provided by law;

D.    Award Plaintiff costs of this action and attorney's fees; and

E.    Grant such other and further relief in Plaintiff's favor as this Court deems just and proper.

6

Dated: May 18, 2026
      New York, New York

REITLER KAILAS & ROSENBLATT LLP

Paul V. LiCalsi, Esq.
885 Third Avenue, 20th Floor
New York, NY 10022
(212) 209-3050
plicalsi@reitlerlaw.com

LAW OFFICES OF MARC JACOBSON, PLLC

Marc Jacobson, Esq.
440 East 79th Street, 11th Floor
New York, NY 10075
(516) 459-0436
Marc@MarcJacobson.com

*Attorneys for Plaintiff Lee Mendelson Film Productions, Inc.*