## IN THE UNITED STATES COURT OF FEDERAL CLAIMS

LEE MENDELSON FILM PRODUCTIONS, INC.,

        Plaintiff,

    v.

THE UNITED STATES,

        Defendant.

No. 1:26-cv-749-AOB

Judge Armando O. Bonilla

## STIPULATION FOR THE ENTRY OF JUDGMENT

Plaintiff, Lee Mendelson Film Productions, Inc., and Defendant, the United States, submit this Stipulation for the purpose of resolving all issues in the above-captioned litigation (the Litigation).

Plaintiff and the United States, by its authorized representative of the Attorney General, hereby file this Stipulation to cause judgment to be entered for Plaintiff and against the United States in accordance with the terms set out below.  If the Court declines to enter judgment in accordance with this Stipulation, in whole or part, this Stipulation shall be void, and without prejudice to either party.

Plaintiff brought the Litigation under 28 U.S.C. § 1498(b) to recover for the alleged unauthorized copying and distribution of its copyrighted musical arrangement titled "O Tannenbaum," created by Vince Guaraldi, registration number Eu923947 (the Work).  Plaintiff warrants that it is the exclusive owner of all right, title, and interest in the Work.

To settle the Litigation, Plaintiff and the United States, stipulate to the following:

1.      The parties stipulate to entry of judgment in favor of Plaintiff and against the United States in the total lump-sum amount of twenty thousand dollars ($20,000).

2. In return for the Entry of Judgment referenced above, Plaintiff fully releases the United States from all claims that were brought or could have been brought in the Litigation, up to and including the date of the entry of judgment.

3. Upon entry of judgment by the Court, in return for the foregoing release, the United States shall cause the amount described in paragraph 1, above, to be paid by the Treasury on behalf of Plaintiff in accordance with the procedures for payment of such judgments against the United States in the Court of Federal Claims.

4. In further consideration for the foregoing:

   a. The United States shall cause the Work to be removed from all websites and social media accounts (i) operated by or (ii) affiliated with and under the control of the Department of Interior, inclusive of any websites or social media accounts operated by third-party contractors for the benefit of the Department of Interior.  The United States shall have no such obligation with respect to third-party websites and social media accounts outside of its control.

   b. Should any future unlicensed online use of the Work by the United States occur, Plaintiff will provide written notice to the United States of this use, specifically informing the Director of the Intellectual Property Section of the Department of Justice, Civil Division, Commercial Litigation Branch, at:  Civil.IP@usdoj.gov;

   c. Plaintiff will not bring an action against the United States for any unlicensed use of the Work if the United States takes reasonable actions to effect removal after receipt of the notice.

5. Each party shall bear its own costs and attorneys' fees.

Respectfully submitted,

August 3, 2026


REITLER KAILAS & ROSENBLATT, LLP

*s/ Paul V. LiCalsi*
Paul V. LiCalsi, Esq.
885 Third Avenue 20th FL
New York, NY 10022
(212) 209-3050
PLICALSI@REITLERLAW.COM


LAW OFFICES OF MARC JACOBSON, PLLC

*s/ Marc Jacobson*
Marc Jacobson, Esq.
440 E 79th Street 11th FL
New York, NY 10075
(516) 459-0436
Marc@MarcJacobson.com

*Attorneys for Plaintiff Lee Mendelson Film*
*Productions, Inc.*

BRETT A. SHUMATE
Assistant Attorney General

*s/ Scott Bolden*
SCOTT BOLDEN
Director
(Authorized representative of the
Attorney General)

*s/ Carrie Rosato*
CARRIE E. ROSATO
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Washington, DC  20530
carrie.e.rosato@usdoj.gov
(202) 307-0415


Of Counsel:
CONRAD J. DeWITTE, JR.
Department of Justice

*Counsel for Defendant,*
*The United States of America*

3